UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHERYL ROSE KUSLICK,

    Plaintiff,                                               Case Number 09-12307-BC

v.                                                      Honorable Thomas L. Ludington

JAMES ROSZCZEWSKI,

    Defendant.
_____/

## ORDER GRANTING MOTION TO COMPEL AND CANCELING HEARING

Defendant James Roszczewski, a Michigan state trooper, swore out a complaint against Plaintiff Cheryl Rose Kuslick for the felony offense of obstructing his lawful collection of handwriting exemplars from Plaintiff's daughter on May 21, 2008. Plaintiff contends that Defendant's sworn statement in support of the complaint and arrest warrant that he "required one hundred hand writing samples and only obtained forty, because [Plaintiff] ordered her daughter to leave with her not giving the amount of samples required . . ." was false and erroneously furnished to provide probable cause for the warrant and Plaintiff's later arrest, detention, and prosecution. Plaintiff was arrested and served an evening in jail. The charge of obstruction was dismissed on September 24, 2008, by the Honorable Allen C. Yenior, who concluded that "Defendant [Plaintiff herein] did not obstruct the service or execution of the search warrant when she told her daughter to leave the State Police Post." Plaintiff's complaint initiating this case for wrongful arrest, malicious prosecution, and First Amendment retaliatory prosecution pursuant to 42 U.S.C. § 1983 was filed on June 15, 2009.

Now before the Court is Defendant's motion to compel Plaintiff Cheryl Kuslick's mental examination because (1) Plaintiff has placed her mental state in controversy and (2) Defendant

attempted to obtain a voluntary examination but was unsuccessful. Plaintiff opposes Defendant's request because she does not believe that the damages she claims require submitting to a mental examination and contends that traveling to the examination would be unduly burdensome. The Court will grant Defendant's motion, and cancel the hearing scheduled for March 13, 2012.

### I. Defendant's attempt to obtain the independent medical examination voluntarily

Defendant has retained Dr. R. Scott Stehouwer, a licensed psychologist, to examine Plaintiff. Preliminary discussions with opposing counsel indicated no objection to such an examination and, accordingly, defendant sent a December 29, 2011 Notice of Independent Medical Examination for January 27, 2012. ECF No. 41 Ex. 5. Defendant also disclosed Dr. Stehouwer's curriculum vitae and billing rate. *Id.* In response to Plaintiff's inquiry, Defendant provided Dr. Stehouwer's explanation of the evaluation procedures he would employ during the examination. ECF No. 41 Ex. 6. He further stated elsewhere that the tests he uses are "standards in the field of clinical psychology and psychological assessment" and supported by decades of research. *Id.*

Plaintiff responded that a voluntary mental examination would not occur because (1) her emotional distress claim is "garden variety," (2) she "has sought no treatment for this aspect of her case," (3) she has "health issues" that prevent her from sitting for extended periods of time, and (4) the testing proposed "borders on junk science." ECF No. 41 Ex. 1. Defense counsel responded to these points and sent countervailing authority. *Id.* Defendant then filed the instant motion.

### II. Plaintiff's Mental State and Good Cause for a Mental Examination

The Court is authorized to order Plaintiff to submit to an independent medical examination, provided there is good cause. According to Rule 35(a):

(a) Order for an Examination.

> (1) In General. The court where the action is pending may order a party whose mental or physical condition-including blood group-is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.
>
> (2) Motion and Notice; Contents of the Order. The order:
>
>> (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and
>>
>> (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Fed. R. Civ. P. 35(a). A good cause determination can be made on the pleadings:

> Of course, there are situations where the pleadings alone are sufficient to meet these requirements. A plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury.

*Schlagenhauf v. Holder*, 379 U.S. 104, 119 (citation omitted). . "Rule 35 . . . requires discriminating application by the trial judge" to ensure that "the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of 'in controversy' and 'good cause . . . .' " *Schlagenhauf v. Holder*, 379 U.S. 104, 118–19 (1964). "Good cause" means more than merely "relevant," but there are nevertheless situations where the determination can be made on the pleadings alone. *Id.* A plaintiff who seeks damages for a "mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Id.* at 119

Defendant argues that Plaintiff's complaint alone meets these requirements. Compl. at ¶ 43. Plaintiff's responses to interrogatories and her deposition testimony further establish good cause for

an independent medical examination. She explained at her deposition the mental and emotional effect that she claims she suffered as a result of this incident. This is not a case that presents mental and emotional injury as an afterthought but rather it represents the core damages Plaintiff is seeking for the night she spent in custody. Defendant argues that the "good cause" standard does not require that Plaintiff was actually treated for a mental condition or, relatedly, whether her claim is fairly described as "garden variety." Plaintiff is complaining of a severe impairment that prevents her from leaving her house all but rarely. Moreover, Defendant submits that *Schlagenhauf* authorizes a finding of good cause even for "garden variety" claims of mental or emotional distress irrespective the degree of impact on a plaintiff. Defendant also notes that in *McCumons v. Marougi*, this Court applied Rule 35 and *Schlagenhauf* in granting the defendants' motion to compel a psychological evaluation. No. 08-11164-BC, 2011 WL 1330807, at *3 (E.D. Mich. April 7, 2001). The circumstances of that case justified a second examination by a psychologist even though a previous psychiatric evaluation occurred voluntarily. *Id.* at *3.

Moreover, Defendant notes that Plaintiff's complaint and her deposition testimony claim non-economic damages that place her mental condition in controversy. Her complaint lists multiple categories of non-economic damages. Plaintiff alleges that, as a direct and proximate result of the acts or omissions outlined in the complaint, she has suffered and continues to suffer indignation, aggravation, humiliation, outrage, worry, fear, embarrassment, emotional distress, loss of liberty, legal expenses, and loss of cherished constitutional rights. Compl. ¶ 43.

In her response to interrogatories, Plaintiff confirmed that she was not seeking lost wages. ECF No. 41 Ex. 3 No. 6. Apart from the expense of retaining an attorney for a prior criminal proceeding, Plaintiff is claiming no economic damages nor is she claiming any physical injury.

Defendant submits that Plaintiff has averred that she intends to present witness testimony and other evidence concerning how the subject incident of this lawsuit "has affected [her]." ECF No. 41 Ex. 3 No. 9. In her deposition, Plaintiff confirmed that she is claiming emotional distress and that she has difficulty leaving her house. ECF No.41 Ex. 4 at 149-57.

Plaintiff, however, argues that her mental state has not been placed in issue. Her complaint claims that Defendant caused her to be maliciously prosecuted and she emphasizes that she has only raised what the courts have referred to as "garden variety" non-economic damages. Defendant's request relies upon Rule 35, *Schlagenhauf v. Holder*, 379 U.S. 104 (1964) and this Court's ruling in *McCumons v. Marougi*, 2011 WL 1330807 (E.D. Mich. 2011). Plaintiff submits that the instant case is distinguishable. When the Supreme Court considered the validity of Rule 35, it noted that Rule 35

> requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of "in controversy" and "good cause," which requirements . . . are necessarily related.

*See Schlagenhauf*, 379 U.S. at 118-19. The "in controversy" and "good cause" requirements are not met by

> mere conclusory allegations of the pleadings - nor by mere relevance to the case - but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination.

*Id.* at 118.

Plaintiff argues that the rigorous examination proposed by Defendant is not justified. Plaintiff emphasizes that she has not treated with a psychiatrist or psychologist, has not seen a social worker, and does not intend to present psychiatric, psychological, or medical evidence or treaters. She is not

pleading a separate cause of action for intentional or negligent emotional distress, and is not suggesting that she suffers from a specific mental or psychiatric injury or disorder.

While courts differ on this issue, Plaintiff contends that most courts agree that for a plaintiff's mental state to be in controversy, more than "garden variety" emotional distress allegations are required. *See Turner v. Imperial Stores*, 161 F.R.D. 89, 95 (S.D. Cal. 1995) (noting that most cases in which courts have ordered Rule 35 examinations have involved more than just a claim of emotional distress, such as a cause of action for intentional or negligent infliction of emotional distress; an allegation of a specific mental or psychiatric injury or disorder; a claim of unusually severe emotional distress; plaintiff's offer of expert testimony to support a claim for emotional distress; and/or plaintiff's concession that his or her mental condition is "in controversy" within the meaning of Rule 35(a)). Plaintiff notes that this is consistent with this Court's previous ruling in *McCumons*, *supra*, when it ordered a Rule 35 examination because the plaintiff had pled intense mental anguish, anxiety, and emotional distress, had been treating with a psychologist, and noted that the plaintiff apparently intended to present his psychologist as an expert witness at trial. Plaintiff emphasizes that is not the case here.

Plaintiff, however, has not merely submitted "garden variety" emotional distress claims, because a review of the pleadings demonstrates that Plaintiff's primary damages claims are for emotional harm caused by the incident. Accordingly, Plaintiff's mental condition and the relationship between her condition and the incident underlying this case are clearly "in controversy." *Schlagenhauf*, 379 U.S. at 119. Moreover, Plaintiff contends that the incident has exacerbated a prior condition as well as resulted in her being unable to leave her home. Good cause for an examination

-6-

thus exists to determine the existence and extent of such asserted injury and Defendant's motion to compel a mental examination will be granted.

### III. Plaintiff's Requested Restrictions and Conditions

Plaintiff argues that she should not be required to attend a Rule 35 psychiatric examination in Grand Rapids because she has pre-existing and significant physical ailments that preclude such travel. She suffers from several physical infirmities. She has survived an aneurysm, has significant health issues, and needs help with toileting. Traveling from her home in Iosco County will take approximately three and one-half hours each way. Plaintiff requests that the conditions of the examination include: (1) that Ms. Kuslick's examination occur at her home or within one hour's driving time from her house; (2) that her examination be restricted to the claims made in her law suit, and (3) that the examination and interview be tape recorded unobtrusively. Defendant notes in his reply that the mental examination is proposed to take place in Bay City, which is approximately an hour from Plaintiff's home and Plaintiff's concern regarding travel either being within an hour's driving time from her house is thus addressed. Defendant also submits that any concern about Plaintiff's inability to sit for extended periods can be accommodated.

#### A. Restricting the Scope of the Examination to the Claims in Plaintiff's Complaint

Plaintiff's next request is that the scope of the mental examination be limited to the claims made in her complaint but not the damages she claims. Plaintiff does not otherwise define any proposed limits. Defendant contends imposing this condition would effectively undercut the purpose of a psychological evaluation and reviewing a deposition transcript will simply not suffice for Dr. Stehouwer. ECF No. 41 Ex. 1. Dr. Stehouwer instead needs to evaluate Plaintiff's present condition and the causal relationship, if any, between that condition and the complained of incident. He has

further stated that it would be unethical for him to attempt a diagnosis without discussing the incident with Plaintiff and viewing her reactions. *Id.* Defendant contends that the examination thus cannot reasonably be limited to her claims, but must also include her damages which necessitates an inquiry into her background and, more specifically, the baseline condition that she claims was altered as a result of the complained of incident. In this sense, Defendant submits that there will be no deviation from all matters that are fairly discoverable. Defendant is correct that limiting the scope to solely the claims made and excluding the basis for the alleged damages is not justified. The examination will be permitted to discuss the basis for Plaintiff's claims, the damages she alleges, and the baseline condition that she contends was worsened as a result of the incident.

### B. Plaintiff's Request for Recording the Mental Examination

Plaintiff's final request is that her examination be recorded. Other circuits have stressed the importance of having either a recording or a third party present at a medical examination because the evaluations at the request of an opposing party are not "independent." In *Zabkowicz v. West Bend Co.*, 585 F. Supp. 635 (E.D. Wis. 1984), the Court held that

> The defendant's expert is being engaged to advance the interests of the defendants; clearly the doctor cannot be considered a neutral in the case. There are numerous advantages, unrelated to the emotional damage issue, which the defendants might unfairly derive from an unsupervised examination. In sum, I do not believe that the role of the defendants' expert in the truth-seeking process is sufficiently impartial to justify the license sought by the defendants. Accordingly, the plaintiffs, at their option, are entitled to have a third party (including counsel) or recording device at the examination.

*Zabkowicz*, 585 F. Supp. at 636.

Plaintiff emphasizes that Dr. Stehouwer has been retained to advance the interest of the Defendant and is thus not "independent." As the Court in *Zabkowicz* aptly explained

> "[I]n the context of an adversary proceeding, the plaintiffs' interest in protecting themselves from unsupervised interrogation by an agent of their opponents outweighs the defendants' interest in making the most effective use of their expert."

*Id.* at 636. Thus, like in *Zabkowicz*, the presence of an unobtrusive tape recorder during the medical exam should not inhibit the expert's ability to question Plaintiff in this case because Defendant wishes to conduct an examination for the adversarial purpose of discovering any evidence with which to dispute Plaintiff's claims. Plaintiff argues that without an independent record, defense experts who are permitted to meet alone with an adversarial party may, and in fact do, pick and choose the information they use to formulate their ultimate opinions. This is particularly true in situations involving psychological evaluations, where much of the interaction is based upon subjective assessment.

Defendant replies that Plaintiff has offered no legal authority for this condition, apart from a case from the Eastern District of Wisconsin, which itself does not cite any legal authority for imposing a recording requirement. 585 F. Supp. at 636. Defendant believes that the presumption instead should be that, like any licensed professional, the doctor in this case will follow applicable professional and ethical standards and reach an independent conclusion supported by evidence and summarized in his written report.

Although the case Plaintiff cites is non-binding, it is instructive on the issue of the "independence" of a medical exam sought by a defendant to discover evidence that may dispute or mitigate a plaintiff's claims. Plaintiff's request to have the session recorded is not unreasonable and Defendant does not suggest that doing so would in any way interfere with the exam. Plaintiff, however, must bear the costs for the video recording.

Accordingly, it is **ORDERED** that Defendant's motion to compel a mental examination (ECF No. 41) is **GRANTED**.

It is further **ORDERED** that the hearing scheduled for March 13, 2012 is **CANCELED** because oral argument will not aid in the disposition of the motion. E.D. Mich. L.R. 7.1(f)(2).

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 16, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 16, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS